```
       IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

CHRISTOPHER L. SIMON, #206054,  :

    Plaintiff,                      :

vs.                             :    CIVIL ACTION 15-574-KD-M

WARDEN MYERS, *et al.*,         :

    Defendants.                    :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983 together with a Motion to Proceed Without Prepayment of Fees. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful consideration, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that this action be counted as a strike for the purpose of 28 U.S.C. § 1915(g).

I. <u>Posture of Action</u>.

Plaintiff's Complaint (Doc. 1) is before the Court for screening pursuant 28 U.S.C. § 1915(e)(2)(B) due to Plaintiff having filed a Motion to Proceed Without Prepayment of Fees.

(Doc. 2).  When Plaintiff commenced this § 1983 action, he used the Court's § 1983 complaint form.  (Doc. 1).  In response to the complaint form's questions, Plaintiff stated that he had not filed other lawsuits in state or federal court with the same or similar facts involved in this action or relating to his imprisonment.  (*Id.* at 2).  Plaintiff then signed the Complaint under penalty of perjury stating that the facts in his Complaint were true and correct.  (*Id.* at 8).  However, an examination of PACER (Public Access to Court Electronic Records) reveals he had filed another action, *Simon v. Jones,* CA No. 2:05-cv-02542-SLB-PWG (N.D. Ala. 2006), in which he complained about being found guilty in a disciplinary proceeding for stabbing another inmate.[1]  This prior action was dismissed for failure to prosecute.

II.  Analysis.

    A.  Legal Standard for Maliciousness Under 28 U.S.C. § 1915(e)(2)(B)(i).

An action is deemed malicious under 28 U.S.C. § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and then signs the complaint under penalty of perjury, as such a complaint

---

[1] The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at *http://pacer.psc.uscourts.gov.  Grandinetti v. Clinton,* No. 2:07-CV-275-WHA(WO), 2007 WL 1624817, at *1 (M.D. Ala. 2007).

2

"constitutes abuse of the judicial process warranting dismissal of the case without prejudice." *Thompson v. Quinn*, No. 3:11cv533/RV/EMT, 2012 WL 6761569, at *1 (N.D. Fla. 2012) (unpublished) (collecting cases), *adopted*, 2013 WL 45259 (N.D. Fla. 2013); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under § 1915(g) an action that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit even though the words "frivolous" or "malicious" were not used, because "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007); *Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the dismissal without prejudice of action pursuant to § 1915(e)(B)(2)(i) as malicious as a sanction for the plaintiff's abuse of process when he failed to disclose under penalty of perjury two, prior federal actions on his complaint form);[2] *Sears v. Haas,* 509 F. App'x 935, at **1 (11th Cir. 2013) (unpublished) (affirming the action's dismissal as malicious despite the

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

3

plaintiff's contentions that the omission of the case from his list of cases was inadvertent and his case had merit, as the plaintiff's *pro se* status did not exempt compliance with procedural rules and he signed the complaint under penalty of perjury); *Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose his litigation history in his original and amended complaints even though the form complaint described the type of cases he was bound to disclose); *Jackson v. Florida Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had no action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), *cert. denied*, 133 S.Ct. 2050 (2013); *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or

4

conditions of imprisonment, regardless of his response that he did not understand the form); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his arguments that he did not remember filing any civil actions and his records were inaccessible); *Young v. Secretary Fla. Dep't of Corrs.*, 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits despite his argument that he lacked access to the documents due to the "excess legal material" rule); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he had brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct

5

to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

Moreover, when a court dismisses an action without prejudice as malicious, it must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations having expired and preventing the plaintiff from re-filing the action. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished); *see Schmidt*, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action as malicious, based on plaintiff's failure to advise of prior lawsuits as required by the complaint form, because the complaint could be re-filed as the statute of limitations had not expired).

    B.  <u>Application of Law to Facts</u>.

In the Complaint before the Court, Plaintiff indicates that he had not filed other lawsuits in state or federal court with the same or similar facts involved in this action or relating to his imprisonment. (*Id.* at 3). However, PACER revealed he had filed one other action that relates to his imprisonment. When Plaintiff filed the present action, he knowingly chose not to

6

list this prior action.  Then, he proceeded to sign the Complaint under penalty of perjury.  (Doc. 1 at 8).  This type of behavior by a prisoner plaintiff is deemed by the courts to be an abuse of the judicial process so as to warrant the action's dismissal as malicious pursuant to § 1915(e)(2)(B)(i) and to it being counted as a strike for § 1915(g) purposes. *Rivera, supra.*

Moreover, upon the dismissal of this action, Plaintiff would be able to re-file it.  That is, the incident about which Plaintiff complains occurred on August 9, 2015.  (Doc. 1 at 3).  The two-year statute of limitations that governs this claim has not expired, and there is ample time for Plaintiff to re-file his Complaint.  *See Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.) (the statute of limitations for a § 1983 action filed in Alabama is two years from when the claim accrues), *cert. denied*, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).  Inasmuch as Plaintiff can re-file his action, if he elects, the Court finds that Plaintiff's action is malicious and subject to dismissal without prejudice.

III. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious

and that this action be counted as a strike for the purpose of 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 6th day of April, 2016.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
